68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Garris L. EBRON, Petitioner,
v.
DEFENSE LOGISTICS AGENCY, Respondent.
 No. 95-3568.
 United States Court of Appeals, Federal Circuit.
 Oct. 17, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Garris L. Ebron petitions for review of the initial decision of the Merit Systems Protection Board, No. SE-0752-94-0669-I-1, affirming his removal from the Defense Logistics Agency for providing false information and falsifying official documents. The initial decision became final on May 2, 1995, when the full board denied his petition for review. We affirm.
 
 
 2
 We must affirm the board's decision unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Ebron has not met this burden.
 
 
 3
 The record reflects that despite an almost year-old divorce, Ebron represented to DLA that he was still married to his ex-wife, and that she and their son would be accompanying him to his new assignment in Korea. While he claims that he was misled into believing that his divorce was "annulled," the AJ found Ebron's testimony on this issue "incredible" and contradicted by other evidence.
 
 
 4
 Specifically, the record shows that Ebron and Janett maintained separate residences and she had remarried approximately three months before he went to Korea. Janett also stated that she had no intention of going to Korea. Furthermore, Ebron wrote a sworn statement, admitting that he knew he was divorced when he signed the documents here at issue. Overall, the AJ did not find Ebron a credible witness. Such credibility determinations are "virtually unreviewable." See Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). That Ebron provided false information to DLA in connection with his permanent change of station orders is, therefore, supported by substantial evidence.
 
 
 5
 It is also undisputed that he travelled alone to Korea, so Ebron knowingly falsified his travel voucher on which he represented that he was accompanied by Janett and his son, and for which he received approximately $800 more than he was entitled to. Because the record shows that Janett was no longer his wife and had told him that she would not be going to Korea, the AJ's finding that he knowingly falsified his application for a separate maintenance allowance is also supported by substantial evidence. While Ebron makes general allegations that the AJ was biased against him, he has presented no credible evidence to support this charge.
 
 
 6
 Ebron also claims that DLA's penalty of removal was too severe. "The choice of penalty for employee misconduct is left to the agency's sound discretion." DeWitt v. Department of Navy, 747 F.2d 1442, 1444-45 (Fed.Cir.1984). " 'Whether in a given case the penalty imposed by the agency amounts to an abuse of discretion depends upon the unique circumstances of each case.' " Id. at 1445 (citation omitted). Ebron's misconduct is very serious, and he has not offered any compelling reason for us to reverse the board's finding that his removal for the aforementioned violations was reasonable.